## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-22241-BLOOM/Louis

RONNA RUBEN,

  Plaintiff,

v.

SILVERSEA CRUISES, LTD. (INC.)
and MEDIPORT SERVICES,

  Defendants.

_____/

### <u>ORDER</u>

  **THIS CAUSE** is before the Court upon Defendant Silversea Cruises, Ltd.'s ("Defendant")
Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [10] ("Motion"), filed on July 31,
2019. Plaintiff Ronna Ruben ("Plaintiff") filed a Response in Opposition to Defendant's Motion,
ECF No. [17] ("Response"), to which Defendant replied, ECF No. [20] ("Reply"). The Court has
reviewed the Motion, all opposing and supporting submissions, the record in this case, and is
otherwise fully advised. As explained below, the Motion is granted in part and denied in part.

### I.  BACKGROUND

  Plaintiff initiated the instant negligence action against Defendant on May 31, 2019. ECF
No. [1] ("Complaint"). On June 28, 2019, Plaintiff amended her Complaint to add another
Defendant, Mediport Services ("Mediport"). ECF No. [7] ("Amended Complaint").

  In the Amended Complaint, Plaintiff alleges that she was a passenger on one of
Defendant's cruise ships — the Silver Muse — during an eight-day voyage beginning on July 8,
2018. *Id.* ¶ 16. On July 10, 2018, Plaintiff and her husband participated in an electric bicycle
excursion that consisted of a guided tour of Bastia, Corsica, France. *Id.* ¶ 19. Plaintiff booked this

excursion through one of Defendant's representatives. In doing so, she relied on the fact that Defendant held the operator of the excursion out as its agent. *Id.* ¶ 20-21. Plaintiff alleges that Defendant was "responsible for supervising, vetting, screening, and selecting the [excursion] tour operator," and it exercised control over the tour guides, as well as the operation of the excursion itself. *Id.* ¶ 22. In booking the excursion, Plaintiff believed, based on Defendant's representations, that it consisted of "a leisurely bike tour on flat surfaces to view the scenery and natural preserve of the surrounding area." *Id.* ¶ 24.

Upon commencing the excursion, Plaintiff discovered that, rather than being a leisurely bicycle tour on a manual bike, the excursion involved operating electric bicycles, without prior instruction on the electric bicycles' operation, along high-traffic roads at speeds in excess of thirty miles per hour. *Id.* ¶ 25. During the excursion, Plaintiff was informed by one of Defendant's employees who accompanied them on the excursion that Defendant had not previously vetted the tour operator and that it was Defendant's first time conducting the excursion using this tour operator. *Id.* ¶ 26. Plaintiff alleges that numerous excursion participants expressed concerns about their safety and complained to Defendant's employee that they did not want to finish the tour because they were concerned they would be injured. *Id.* ¶ 27. Defendant's employee acknowledged to Plaintiff "that the tour was not being conducted in a safe manner and was sufficiently concerned that passengers would suffer injuries that she contacted the [Silver Muse] prior to the end of the tour" and requested that a bus come pick the passengers up. *Id.* After contacting the cruise ship, Defendant's employee indicated that Plaintiff would need to continue the excursion until the group reached a better location because the bus was unable meet them at their current location. *Id.* Shortly thereafter, Plaintiff was thrown from her electric bicycle and sustained injuries to her mouth, face, leg, elbow, and shoulder. *Id.* ¶ 28.

Plaintiff's Amended Complaint asserts two counts against Defendant: Count I (Negligence) and Count II (Negligence – Apparent Agency). *Id.* at 5-8. Plaintiff also asserts a third count of negligence against Mediport, which is not at issue in the Motion before the Court today. *Id.* at 8-9. Defendant's Motion argues that this Court should dismiss Counts I and II because Plaintiff has misstated the relevant law and the applicable legal standards, and she has failed to sufficiently plead the elements necessary to establish her causes of action. ECF No. [10].

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's factual allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "A facially plausible claim must allege facts that are more than merely possible. . . . The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will

reveal evidence' of the defendant's liability." *Chaparro*, 693 F.3d at 1337 (citations omitted) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

Further, while the Court is required to accept all of the factual allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." (internal quotation marks omitted)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro*, 693 F.3d at 1337. "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true"); *Chaparro*, 693 F.3d at 1337 ("if allegations are indeed more conclusory than factual, then the court does not have to assume their truth" (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011))).

## III.    APPLICABLE LAW

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)). "In a claim based on an alleged tort occurring at an offshore location during the course of a cruise, federal maritime law applies, just as it would for torts occurring on ships sailing in navigable waters." *Aronson v.*

*Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014) (citing *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)); *see also Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901 (11th Cir. 2004). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar*, 787 F. Supp. 2d at 1315. The parties in the instant action do not dispute that maritime law governs.

## IV. DISCUSSION

Defendant's Motion contends that Plaintiff's Amended Complaint should be dismissed as it relates to Defendant because (1) Plaintiff has misstated the law on the duty of care that Defendant owed Plaintiff, and (2) Plaintiff has failed to plead sufficient facts to state a valid cause of action for negligence under an apparent agency theory. ECF No. [10] at 3-12. Additionally, Defendant argues that the Court should also dismiss Plaintiff's requests for attorney's fees because Plaintiff has not identified any statutory or contractual basis authorizing an award of attorney's fees. ECF No. [10] at 13. Plaintiff's Response, on the other hand, argues that Defendant's alleged duty of care in the Amended Complaint is not a heightened duty of care; rather, it is the duty of care that is well-established under maritime law. ECF No. [17] at 5-8. Plaintiff further asserts that the Amended Complaint has sufficiently pled the facts necessary to support a claim of apparent agency. *Id.* at 9-14.

### A. Negligence

Defendant first argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff incorrectly attempts to heighten the duty of care that cruise lines owe passengers on shore excursions. ECF No. [10] at 3-4. In her Response, Plaintiff notes that Defendant is not moving to dismiss Count I on the basis that Plaintiff "failed to allege the elements of negligence or that each

theory of negligence should be pled as a separate cause of action." ECF No. [17] at 5. Rather, the Motion challenges the allegation that Defendant had duty, under a claim for negligence, "to exercise reasonable care in selecting, vetting, screening, or hiring trained and competent tour operators," which Plaintiff argues is clearly established under the law. *Id.* at 6, 8. Defendant's Reply asserts that "Plaintiff's negligence claim stemming from a cruise passenger incident that occurred beyond the point of debarkation can only be assessed in light of [Defendant's] duty to warn of known dangers." ECF No. [20] at 2.

To state a claim for negligence in a maritime tort case, a plaintiff must allege that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336.

"A shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel." *Id.* (quoting *Kermarec*, 358 U.S. at 630). This duty of care is examined through the lens of "ordinary reasonable care under the circumstances." *Keefe*, 867 F.2d at 1322. Moreover, a cruise ship operator's duty of care includes "a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336 (citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985)). This duty to warn passengers of certain dangers "encompasses only dangers of which the carrier knows, or reasonably should have known." *Carlisle*, 475 So. 2d at 251. "Accordingly, as a prerequisite to imposing liability, a carrier must have had 'actual or constructive notice of the risk-creating condition.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017) (quoting *Keefe*, 867 F.2d at 1322). Moreover, this duty extends only to specific, known dangers that are otherwise "not apparent and obvious to the passenger," *Smolnikar*, 787 F. Supp. 2d at

1323, and that are "particular to the places where passengers are invited or reasonably expected to visit, not to general hazards." *Aronson*, 30 F. Supp. 3d at 1392-93 (footnote omitted).

With regard to the duty requirement under a cause of action for negligence, Plaintiff's Amended Complaint alleges that Defendant owed her a duty "to exercise reasonable care in planning, organizing, and supervising The Excursion," ECF No. [7] ¶ 29, and "to exercise reasonable care in selecting and/or vetting and/or screening and/or hiring trained and competent tour operators," *id.* ¶ 30. Defendant argues that these allegations misstate and heighten the duty owed by a cruise line to its passengers on shore excursions. ECF No. [10] at 4. Instead, Defendant contends that, in the context of shore excursions, cruise lines owe a more limited "duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336 (citing *Carlisle*, 475 So. 2d at 251).

As an initial matter, some of our sister courts have noted that district courts in the Southern District of Florida have reached different conclusions when faced with the question of whether cruise operators owe passengers on shore excursions additional duties beyond just the duty to warn. *See Lienemann v. Cruise Ship Excursions, Inc.*, No. 18-21713-CIV, 2018 WL 6039993, at *7 (S.D. Fla. Nov. 15, 2018); *Ferretti v. NCL (Bahamas) Ltd.*, No. 17-cv-20202, 2018 WL 1449201, at *2 (S.D. Fla. Mar. 22, 2018); *Thompson v. Carnival Corporation*, 174 F. Supp. 3d 1327, 1342 (S.D. Fla. 2016). Defendant's Motion asks this Court to weigh in on the scope of a cruise line's duty of care. As the Court explains below, Count I of Plaintiff's Amended Complaint fails to allege the correct duty of care under a general negligence claim. As such, the Court need not address this issue at present.

The duty of care a cruise line owes its passengers under a negligence claim brought pursuant to maritime law is a duty to exercise "ordinary reasonable care under the circumstances,"

*Keefe*, 867 F.2d at 1322, which "includes 'a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.'" *Wolf*, 683 F. App'x at 794 (quoting *Chaparro*, 693 F.3d at 1336). It is unclear to the Court whether Plaintiff is asserting any specific theory (or theories) of negligence beyond a general negligence claim in Count I of her Amended Complaint.[1] *See* ECF No. [7] ¶¶ 29-33; ECF No. [17] at 7. Yet, as a general rule, cruise operators owe passengers a duty to exercise ordinary, reasonable care under the circumstances, including a duty to warn passengers of known dangers in areas beyond the cruise ship itself where passengers are invited or are reasonably expected to visit. *See Wolf*, 683 F. App'x at 794 (quoting *Chaparro*, 693 F.3d at 1336). While the duty of care allegations set forth in Count I may be relevant to certain specific theories of negligence, they do not state the correct duty of care applicable to the general negligence claim that is pled.[2] As such, "[b]ecause Plaintiff has not alleged the proper standard of care [under a general cause of action for negligence], the count should be dismissed without prejudice." *White v. NCL Am., Inc. & Norwegian Cruise Line Ltd.*, No. 05-22030-CIV, 2007 WL 414331, at *2 (S.D. Fla. Feb. 6, 2007).

---

[1] Count I of Plaintiff's Amended Complaint is simply labeled "negligence." Yet, Plaintiff's Response and some of the duty and breach allegations in Count I implicate "claims for negligence based on theories of negligent hiring, misrepresentation, and failure to warn." ECF No. [17] at 7; *see* ECF No. [7] ¶¶ 29-33. Notably, however, Defendant's Motion only challenges Count I on the basis that Plaintiff misstated the proper duty of care for a general negligence claim. As such, the Court limits its review of Count I to the duty of care under a general claim of negligence. The Court will not assess whether the remaining elements of negligence are sufficiently pled because Defendant has not raised the issue. Nor will the Court examine whether Plaintiff has sufficiently pled the facts necessary to establish any other causes of action for specific theories of negligence. *Cf. Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5 n.2, *6 (S.D. Fla. June 5, 2012).

[2] To the extent that Plaintiff intended to assert specific claims under different theories of negligence, she has the opportunity to more clearly assert these separate claims upon re-pleading because the Court is dismissing Count I with leave to amend. *Gayou*, 2012 WL 2049431, at *5 n.2, *6.

### B. Negligence – Apparent Agency

Next, Defendant contends that Plaintiff has not sufficiently pled the necessary elements to state a valid cause of action for negligence under an apparent agency theory because: (1) Plaintiff's conclusory allegations do not establish that Defendant made any representation that the tour operator was its agent; (2) Plaintiff has not sufficiently plead facts to support a *reasonable* reliance, even if any representations were made by Defendant, because Plaintiff received the Passage Contract, which indicated that all excursions were operated by independent contractors; and (3) Plaintiff has not alleged any reasonable belief upon which justifiable reliance can be established. ECF No. [10] at 5-12. Plaintiff, however, argues that Count II alleges numerous facts sufficient to support her cause of action for negligence under a theory of apparent agency. ECF No. [17] at 9-14. Moreover, Plaintiff notes that the Passage Contract that Defendant attaches to its Motion cannot properly be considered on a motion to dismiss because it is not a document that is central to Plaintiff's claims. *Id.* at 12-13. Plaintiff contends that, absent the representation that the tour operator was Defendant's agent, she would not have participated in the bike excursion. *Id.* at 14. Defendant's Reply argues that Count II fails to allege any facts to establish how she was induced to change her position based upon the apparent agency relationship. ECF No. [20] at 5-6.

"[T]he doctrine of apparent agency allows a plaintiff to sue a principal for the misconduct of an independent contractor who only reasonably appeared to be an agent of the principal." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1249 (11th Cir. 2014). To prevail on a cause of action for negligence based upon a theory of apparent agency, three essential elements must be alleged: (1) "a representation by the principal to the plaintiff," (2) which "causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit," and (3) which "induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency." *Id.*

at 1252. However, "to hold a principal liable for the negligence of an apparent agent, a plaintiff must sufficiently allege the elements of apparent agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable." *Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1311 (S.D. Fla. 2015); *Ferretti*, 2018 WL 1449201, at *4; *Thompson*, 174 F. Supp. 3d at 1342; *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12-21897-CIV, 2013 WL 1296298, at *1 (S.D. Fla. Mar. 27, 2013).

As explained above, the Court concludes that Count I fails to sufficiently allege an underlying negligence claim against Defendant because it does not set forth the proper duty of care owed under such a cause of action. Thus, as "Plaintiff's agency claims are due to be dismissed irrespective of whether [s]he has adequately alleged . . . apparent agency, the Court will not address the substantive allegations of these claims." *Ferretti*, 2018 WL 1449201, at *4 (citing *Rojas*, 93 F. Supp. 3d at 1311; Zapata, 2013 WL 1296298, at *5 (stating that because the "factual allegations warranted the dismissal without prejudice of Plaintiff's negligence claim," the plaintiff's agency claim must also be dismissed*); Brown v. Carnival Corp., et al.*, 202 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) (finding that because "Plaintiff has failed to state a plausible negligence claim, Plaintiff's claim for apparent agency also fails.")). Accordingly, Count II of Plaintiff's Amended Complaint is also dismissed without prejudice.

### C. Attorney's Fees

Lastly, Defendant argues that the Court should dismiss the requests for attorney's fees under Counts I and II because Plaintiff has not identified any statutory or contractual basis allowing such an award. ECF No. [10] at 13. Plaintiff's Response does not address this argument.

The Court of Appeals for the Eleventh Circuit has clearly set forth the law regarding the recovery of attorney's fees in maritime disputes: "The prevailing party in an admiralty case is not

entitled to recover its attorneys' fees as a matter of course." *Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010) (quoting *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001)). However, courts may award attorney's fees under certain, limited exceptions to the general rule if: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco*, 267 F.3d at 1193. "Absent one of these exceptions, this Court will not award the prevailing party attorneys' fees." *Misener Marine Const., Inc.*, 594 F.3d at 838.

As Defendant notes, Plaintiff's Amended Complaint does not identify any statutory or contractual basis upon which her request for attorney's fees is justified. Nor has Plaintiff addressed this argument in her Response to Defendant's Motion. Absent some clear statutory or contractual provision that allows for the recovery of attorney's fees, the Court concludes that Plaintiff's requests for attorney's fees must be dismissed. *See id.*

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [10]**, is **GRANTED in part and DENIED in part**. Plaintiff is permitted to amend her Complaint **on or before October 18, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

11